**F I L E D**

# UNITED STATES COURT OF APPEALS

**January 2, 2007**

## TENTH CIRCUIT

BRIAN ANDERSON,

Plaintiff- Appellant,

v.

GARY GOLDER, Warden,

Defendant-Appellee.

No. 06-1112
(D.C. No. 05-CV-73-MSK-PAC)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Brian Anderson, a state inmate appearing *pro se,*[1] appeals the district

court's order dismissing without prejudice his 28 U.S.C. § 1983 action for failing

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

[1]Because he is proceeding *pro se*, we review Mr. Anderson's filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

to exhaust administrative remedies.   We review the district court's dismissal for failure to exhaust *de novo*, *see Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002), and reverse and remand for further proceedings.

Mr. Anderson filed a § 1983 action asserting two claims.  First, he contends the prison failed to accommodate his post-traumatic stress disorder (PTSD) in violation of his Eighth Amendment rights.  In an attempt to alleviate his PTSD symptoms, Mr. Anderson asked the warden to reduce the frequency of cellmate turnover, provide him with a single cell, or screen potential cellmates to reduce the noise and light from their use of personal electronics.  *See* Rec., vol. I, compl., ex.'s 2, 4.  The prison's denial of these medical requests, Mr. Anderson asserts, violated his Eight Amendment rights.  Second, Mr. Anderson contends the warden denied him and other veterans medical treatment because of their veteran status in violation of the Equal Protection Clause.  Specifically, he alleges "I and other veterans at this prison are denied medical treatment due to us having military related injuries and inmates that have not been in the military are given adequate medical treatment."  Rec., vol. 1, compl. at 3.

The district court dismissed Mr. Anderson's claims for failure to exhaust his administrative remedies in violation of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  Under the PLRA, the inmate bears the burden of affirmatively pleading exhaustion by attaching copies of administrative dispositions or describing with specificity the administrative proceeding and its

outcome. *Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy this submission requirement, Mr. Anderson included photocopies of a series of three prison grievance forms with his complaint. *See* Rec., vol. I, compl. ex.'s 2-4. The district court ruled that the prison grievance paperwork exhausted Mr. Anderson's claimed denial of medical treatment for PTSD in violation of the Eighth Amendment but did not exhaust the Equal Protection claim. The court dismissed the entirety of Mr. Anderson's mixed complaint for his failure to exhaust the second claim. *See Ross v. County of Bernalillo,* 365 F.3d 1181, 1189 (10th Cir. 2004) (The PLRA's exhaustion requirement demands "total exhaustion."). Mr. Anderson appeals the district court's decision that his Equal Protection claim was not exhausted. "We review de novo the district court's finding of failure to exhaust administrative remedies." *Jernigan*, 304 F.3d at 1032.

We assess this issue in light of the three grievance forms Mr. Anderson submitted to prison officials in a three-step procedure. On the first grievance form, Mr. Anderson stated, "Warden Golder you dictate and direct a policy *against veterans* with P.T.S.D." and "[t]his prison has a history of *not treating vets* with P.T.S.D." Rec., vol. I, compl. ex. 2 (italics added). These claims of non-treatment are specific to the inmates fulfilling two prerequisites, veteran status and a PTSD diagnosis. Although Mr. Anderson does not reference an equal protection claim as such in this first grievance form, *id.*, we review liberally the

pleadings of *pro se* litigants like Mr. Anderson. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("if the court can reasonably read the pleadings to state a valid claim . . . it should do so despite the plaintiff's failure to cite proper legal authority."); *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004) (prisoner "need not present legal theories in his grievance"); *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) (not requiring "a prisoner's grievance to allege a specific legal theory . . . that correspond[s] to all the required elements of a particular legal theory."). Here, we believe Mr. Anderson expressed his intent to assert a veteran-specific policy in making an accusation of discriminatory practice.

Moreover, Mr. Anderson unequivocally alleged discrimination based on veteran status later in the grievance process. In the third step, Mr. Anderson maintained "[t]here are several veterans here that are <u>discriminated</u> against because are [sic] injuries are military related, but inmates with civilian related injuries receive treatment." Rec., vol. I, compl. ex. 4. The district court, in its dismissal order, construed Mr. Anderson's second § 1983 claim as "alleg[ing] that inmates who were not in the military have been treated differently. . . violat[ing] the Equal Protection Clause." Rec., vol I, order at 3.[2]   The court's concise

---

[2]The warden, in his brief to this court, characterizes Mr. Anderson's second § 1983 legal claim in the same manner as the district court. *See* Aple. Br. at 2 ("alleg[ing] that inmates who are <u>not</u> in the military have been treated differently than former military inmates" in violation of the Equal Protection Clause).

explanation of Mr. Anderson's § 1983 claim simply rephrases the allegation previously made by Mr. Anderson in his prison grievance. We interpret the phrase "treated differently," as used by the district court, as functionally equivalent to Mr. Anderson's claim that veterans were "discriminated against." *See* Webster's Third New International Dictionary 648 (1981) (defining "discriminate" as, *inter alia,* "to make a *difference in treatment . . .* on a class.") (emphasis added). Thus, Mr. Anderson's § 1983 pleadings presented to the district court the same claim made in his third grievance form. We conclude therefore that Mr. Anderson's second § 1983 claim was properly exhausted prior to his filing in federal court.

Mr. Anderson has moved for leave to proceed on appeal without prepayment of costs or fees. In order to succeed on his motion, he must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. *See* 28 U.S.C. § 1915(a); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). Considering the success of Mr. Anderson's argument on appeal, we conclude that appellant has made a rational argument on the law or facts. Therefore, we **GRANT** the motion for leave to proceed on appeal without prepayment of costs or fees.

Because Mr. Anderson exhausted his administrative remedies in regards to his second § 1983 claim, we **REVERSE** the district court's decision finding no

exhaustion and **REMAND** for further proceedings. We remind Mr. Anderson that he remains obligated to make partial payments until the filing fee is paid in full.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge